UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:18-cr-509-CEH-TEW

RICHARD PALACIOS

_____

## SENTENCING MEMORANDUM

COMES NOW the Defendant, RICHARD PALACIOS, through his undersigned counsel, and respectfully submits this Sentencing Memorandum for the Honorable Court's consideration. Mr. PALACIOS requests the imposition of a sentence below that advised by the United States Sentencing Guidelines.

STATEMENT OF THE CASE

Mr. PALACIOS was charged with a two count Indictment.

Count One was Conspiracy to Distribute 5 kilograms or more of Cocaine.

Counts Two was Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine while on board a vessel subject to the jurisdiction of the United States.

Defendant PALACIOS admitted his guilt to Count Two and accepted responsibility in the instant case through an early plea of guilty. His guilty plea

was accepted by this Court on April 19, 2022. This Court adjudicated him guilty of Count Two.

## I. GUIDELINE CALCULATIONS

Count Two carries a minimum term of imprisonment of ten (10) years. The Pre-Sentence Report (PSR) indicates a base level of 38 for Mr. PALACIOS. He has been given a three level upward adjustment for being a manager or supervisor, bringing his level to 41. He has been given a downward adjustment for clearly demonstrating his acceptance of responsibility, bringing his level to a 38.

### Request for a Reasonable Sentence Pursuant to § 3553 Factors

Mr. PALACIOS requests this Court to consider a below the guidelines sentence. A variance from the advisory guidelines is warranted for Mr. PALACIOS as the minimum mandatory prison sentence of ten years, in his situation is sufficient, but not greater than necessary punishment for his offense. Mr. PALACIOS has made a huge mistake and has accepted responsibility for his actions. He recognizes the seriousness of this offense and realizes that he should be punished accordingly. However, there are factors present in this case that sufficiently mitigate and support a sentence below the guidelines.

Given Mr. PALACIOS' background as indicated in paragraphs 39 through 48 of the Pre-sentence Report (PSR), Mr. PALACIOS should be sentenced to the

minimum mandatory sentence to 120 months unless he is given a 5K by the United States, then it should be less.

## II.     MEMORANDUM OF LAW

### The Sentencing Guidelines Cannot Restrict a Court's Discretion

Mr. PALACIOS does have other factors for consideration in a sentence below the guideline calculation.  A United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory.  *United States v. Booker,* 543 U.S. 220, 245-267, 125 S. Ct 738 (2005).  Thus a court is not unencumbered in its ability to consider every convicted person as an individual and every case a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States,* 552 U.S. 38, 128 S. Ct. at 598 (quoting *Koon v. United States,* 518 U.S. 81, 116 S. Ct. 2035 (1996)).  The use of the guidelines in a roll other than advisory violates the defendant's Sixth Amendment rights. *Booker* at 244-245.  Further, there is no legal presumption that the Guidelines sentence should apply. *Rita v. United States,* 551 U.S. 338, 351, 127 S.Ct. 2456 (2007).

Now, a district court has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…" regardless of the range calculated by the Guidelines.  A sentencing court may impose any sentence it deems appropriate as long as the court properly calculates and considers the

Guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision. *Id.*

In *United States v. Tally*, 431 F.3d 784, 786 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow in imposing a sentence after *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2004). "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." *Id.* Second, the District Court "must consider" ten enumerated factors "to determine a reasonable sentence." See *Id*. Such factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational and vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. *Id. See also* 18 U.S.C. § 3553(a) (directing that sentences should be "sufficient, but not greater than necessary" to achieve the purposes of sentencing).

In *Kimbrough v. United States*, 128 S. Ct. 586, 574 (2007), and *Gall v. United States*, 128 S. Ct. 586, 600 (2007), the United States Supreme Court decisively rejected lockstep uniformity as the primary goal of the Sentencing Reform Act, recognizing that such uniformity cannot co-exist with the *Booker*

remedy. The Court emphasized that the Guidelines serve as one (1) factor among several that courts must consider in determining an appropriate sentence. *Kimbrough,* 128 S. Ct. at 564. "The statute, as modified by *Booker*, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing." *Kimbrough,* 128 S. Ct. at 570.

The *Gall* Court stressed that:

> "The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record. . . . The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court. . . Moreover, district courts have an institutional advantage over appellate courts in making these sorts or determinations, especially as they see so many more Guidelines sentences than appellate courts do."

*Gall*, 128 S. Ct. at 597-598 (internal quotes and citations omitted).

Consequently, the Supreme Court reflected that:

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Id.* at 598.

Due deference must be given to the District Court's consideration of the

section 3553(a) factors, and a sentence may only be overturned for abuse of discretion. *Id*. at 597.

## CONCLUSION

This Court has the discretion to sentence Mr. PALACIOS below the recommended guideline. The circumstances presented in the case support a downward departure and favorable variance from the applicable guideline range. Mr. PALACIOS requests a sentence, which is sufficient, but not greater than necessary, to comply with the goals of sentencing.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Attorneys of Record

/s/ Peter J. Wansboro